### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE L. CRAWFORD, | : | Case No. 2:23-cv-3017 |
| | : | |
| Petitioner, | : | |
| | : | |
| | : | Judge James L. Graham |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| WARDEN AT LEE C.I., | : | |
| | : | |
| Respondent. | : | |

## ORDER

This <u>habeas corpus</u> matter is before the Court on Petitioner Crawford's recent filing labelled "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO EXPAND THE SCOPE AND FOR INCLUSION; MOTION FOR ACCEPTANCE; MOTION TO RENEW THE MOTION FOR RECUSAL AND MOTION TO MOTION THEREFOR." (ECF No. 9).[1] Crawford has also filed what appears to be an amended habeas corpus petition (ECF No. 10), which will be addressed separately.

In the instant filing (ECF No. 9), Crawford makes several requests. **<u>First</u>**, he asks to include a 40-page document dated November 22, 2024 in the record of this case and to expand the scope of this habeas corpus case to include that document. (*Id.* at PageID 535). Crawford appears to be referring to a document he (and a non-party to this case)

---

[1] The title of the document is found on PageID 534. Crawford often prefaces his filings with an "Affidavit of Service" rather than attaching a certificate of service to the end of the document. *See* Fed. R. Civ. P. 5(d)(1).

The capitalization of some quotations in this Order have been adjusted for better readability.

filed in the separate but related case of *Mackey v. The Multi-District Litigation Panel of Ohio,* Case No. 2:23-cv-2962. The 40-page document is labelled:

> AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO FILE OBJECTIONS TO THE MAGISTRATE'S ORDER: RULES FOR DOCUMENTS SUBMITTED IN THE CASE DOCUMENT # 40; MOTION TO VACATE IT DUE TO FRAUD UPON THE COURT, CONSPIRACY, VIOLATION OF 18 U.S.C. § 1001; VIOLATION OF THE SEPARATION OF POWERS CLAUSE AND UNCONSTITUTIONAL ACTION; MOTION TO CHALLENGE THE COURT'S JURISDICTION TO ISSUE IT; MOTION TO RENEW THE MOTION FOR RECUSAL AND MOTION TO MOTION THEREFORE.

(ECF No. 50 at PageID 1781 in Case No. 2:23-cv-2962 (as in original)). The order referred to in *that* document is the "ORDER: RULES FOR DOCUMENTS SUBMITTED IN THIS CASE" entered on November 5, 2024. (ECF No. 40 in Case No. 2:23-cv-2962 (the "Rules Order")). Thus, it appears that Crawford is asking to include in this habeas corpus case his (and a non-party's) objections to an order that was entered in a separate case.

This request is **DENIED**. The Rules Order (ECF No. 40) applies by its terms only to Case No. 2:23-cv-2962. It is not relevant to this case, Case No. 2:23-cv-3017. Crawford's (and the non-party's) objections to the Rules Order are similarly not relevant to this case and do not need to be included here. Crawford, at least, has not provided any compelling reason why they should be included.

Further, Crawford is incorrect when he claims a right to "expand the scope [of this habeas corpus case] to include any matter that is relevant and material in this case." (ECF No. 9 at PageID 535). "[A] habeas corpus action is not a Section 1983 or civil action by another name, but is instead a separate and distinct type of proceeding with well-

2

established rules and significant, often dispositive, limitations." *J.O.B. v. United States*, No. 3:23-cv-217, 2024 WL 4011825, at *7 (S.D. Ohio Aug. 30, 2024), *report and recommendation adopted*, 2024 WL 4223636 (S.D. Ohio Sept. 18, 2024). Some matters simply cannot be raised in a habeas corpus case, and combining matters is rarely appropriate. *See id.*;[2] *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (distinguishing between matters appropriately raised in habeas corpus and those appropriately raised in civil litigation under 42 U.S.C. § 1983). In other words, Crawford has no absolute entitlement to raise whatever he deems relevant in this habeas case. He is constrained by the applicable statutes and rules, and must also comply with orders of this Court.

**Second**, in the instant motion Crawford "renews the motion" for the undersigned's recusal "as is argued within" ECF No. 50 filed in Case No. 2:23-cv-2962. (ECF No. 9 at PageID 535.) But ECF No. 50 in Case No. 2:23-cv-2962 has not been filed in this habeas corpus case. As the Court has repeatedly explained, these cases are separate and are proceeding separately—in part to avoid the kind of morass that Crawford is attempting to develop here.

In any event, it does not appear that Crawford has moved for the undersigned's

---

[2] Where this Court noted:

> [A] as a matter of docket management, courts may sever and dismiss civil claims filed in habeas corpus cases (and conversely, habeas claims raised in civil cases) without prejudice. *See Winburn v. Gidley*, No. 2:18-cv-10271, 2018 WL 783489, at *2 (E.D. Mich. Feb. 7, 2018) (where "Petitioner also seems to raise civil rights claims" in his habeas petition, the court said that "he must bring them in a properly filed civil rights action.... Petitioner may not circumvent [the statutory] requirements by filing a joint or hybrid action. His civil rights claims are subject to severance and dismissal.").

*J.O.B.*, 2024 WL 4011825 at *7.

recusal in this case, and he cannot "renew" a request he has not made. Nor is it sufficient to simply assert that he makes the same arguments here that he has made in other cases. (*See* ECF No. 9 at PageID 535). If Crawford seeks a particular result in this case, he must file a <u>separate motion</u> asking for that result that complies with the relevant statute(s)[3] and the Order setting rules for filing in *this* case. (*See* ECF No. 6).

**Third**, Crawford asserts in the instant motion that this habeas corpus action should not have been separated from the § 1983 action pending in Case No. 2:23-cv-2962. (ECF No. 9 at PageID 536). He gives no compelling reason why this should be so, or why he feels the separation constitutes "fraud on the court" by the undersigned. (*Id*.) To the extent Crawford wants the Court to consolidate the two actions, he may file a proper motion asking the Court to do so. Any implicit request for consolidation in the instant motion is **DENIED** without prejudice. (ECF No. 9).

These requests and the remainder of the instant motion are **DENIED**. (ECF No. 9). The <u>Clerk of Court</u> is **DIRECTED** to send Petitioner Crawford a print-out of the docket of this case for his reference.

**IT IS SO ORDERED**.

*s/ Caroline H. Gentry*
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

---

[3] *See, e.g.,* 28 U.S.C. § 144 or 28 U.S.C. § 455. The undersigned, however, harbors no bias against Crawford, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp*., 384 U.S. 563, 583 (1966)).