UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE L. CRAWFORD, | : | Case No. 2:23-cv-3017 |
| | : | |
| Petitioner, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| WARDEN AT LEE C.I., | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS

This habeas corpus case has been referred to the undersigned United States Magistrate Judge to consider Petitioner Crawford's Amended Petition (ECF No. 10). For the reasons set forth below, the undersigned **RECOMMENDS** that the District Judge **DISMISS** this habeas corpus case in its entirety and **DENY** all pending motions as moot.

## I.  BACKGROUND

Petitioner Crawford is a state prisoner who is incarcerated in South Carolina. Nevertheless, he mailed several hundred pages of documents to the Clerk of Court's Office in the United States District Court for the Southern District of Ohio for filing. After careful review, the Clerk's Office filed those documents in two separate cases.[1]

---

[1] This is the appropriate practice to follow when the Clerk receives, as it did here, different case-initiating documents (i.e., a civil complaint and a habeas corpus petition). Numerous courts have held that a civil rights complaint and a habeas corpus petition institute separate matters that must proceed in separate cases. *See Cox v. Nord*, No. 1:23-cv-324, 2023 WL 5917523, at *1 (S.D. Ohio Aug. 24, 2023) (quoting *Ruza v. Michigan*, No. 1:20-cv-504, 2020 WL 4670556, at *2 (W.D. Mich. Aug. 12, 2020), *aff'd*, No. 20-1841, 2021 WL 3856305 (6th Cir. Apr. 7, 2021)) ("[C]ourts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid

In the case that is captioned *Lawrence Crawford & Jeremiah Mackey, Jr. v. Multi District Litigation Panel of Ohio*, S.D. Ohio No. 2:23-cv-2962, Crawford and Mackey assert claims under 42 U.S.C. § 1983. The undersigned will refer to this civil rights case as the *Mackey* case. It is separate from the above-captioned habeas corpus case.

In this case, *Lawrence Crawford v. Warden, Lee Correctional Institution*, S.D. Ohio No. 2:23-cv-3017, Crawford seeks habeas corpus relief under 28 U.S.C. § 2241. Jeremiah Mackey is <u>not</u> a party to this habeas corpus case. (*See* ECF No. 6 (finding that although Crawford listed Mackey as an Intervenor in his habeas petition, he is not a party to this habeas corpus case)). To date, Crawford has filed two appeals from decisions that this Court has issued in this habeas corpus case. (ECF Nos. 12, 13, 17, 19). The Sixth Circuit Court of Appeals subsequently dismissed both appeals. (ECF Nos. 23, 25).

In this habeas corpus case, Crawford apparently seeks to challenge a "notify" or detainer that was allegedly placed in his file with South Carolina prison authorities. (*See* ECF No. 6 at PageID 511). Although he is incarcerated in South Carolina, Crawford is asking this Court—the United States District Court for the Southern District of Ohio—to rule upon his challenge. Among other things, he alleges that the United States District Court for the District of South Carolina and the United States Court of Appeals for the

---

action difficult to manage."); *J.O.B. v. United States*, No. 3:23-cv-217, 2024 WL 4011825, at *7 (S.D. Ohio Aug. 30, 2024), *report and recommendation adopted*, 2024 WL 4223636 (S.D. Ohio Sept. 18, 2024) ("[A]s a matter of docket management, courts may sever and dismiss civil claims filed in habeas corpus cases (and conversely, habeas claims raised in civil cases) without prejudice."); *Winburn v. Gidley*, No. 2:18-cv-10271, 2018 WL 783489, at *2 (E.D. Mich. Feb. 7, 2018) (where "Petitioner also seems to raise civil rights claims" in his habeas petition, "he must bring them in a properly filed civil rights action.... Petitioner may not circumvent [the statutory] requirements by filing a joint or hybrid action.").

2

Fourth Circuit engaged in "prejudice, fraud upon the court, criminal conspiracy and obstruction of justice, violating [his] due process rights." (*Id.* at PageID 512).

Despite its voluminous length, Crawford's original Petition was incomplete. (*See, e.g.,* ECF No. 6 at PageID 514 (noting that the Petition with exhibits was approximately 500 pages long but that Crawford had not signed it)). Therefore, the undersigned ordered Crawford to submit an Amended Petition that complies with specific requirements by no later than October 18, 2024:

> **To proceed any further in this habeas corpus case, Crawford is ORDERED to submit an Amended Petition using the standard form for a § 2241 petition.** He must submit the entire form and he must personally sign it under penalty of perjury. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules") (applicable to this § 2241 Petition under Rule 1(b)). Crawford may attach to the Amended Petition **up to ten additional pages** of explanatory materials, if he deems such materials necessary. The Court will strike or disregard any pages submitted beyond this ten-page limit. The Amended Petition will supersede (or replace) the original Petition.
>
> Crawford must submit the Amended Petition **within thirty days** of the date of this Order. If Crawford does not timely submit an Amended Petition, then the undersigned will recommend that this habeas corpus action be dismissed in its entirety for failure to prosecute. *See Fuller v. FCI Beckley*, No. 3:22-cv-101, 2022 WL 3447064, at *1 (S.D. Ohio Aug. 17, 2022) (adopting recommendation that § 2241 case be dismissed because petitioner failed, among other things, to file a standard form petition as ordered by the Magistrate Judge).

(Order, ECF No. 6 at PageID 514-515 (emphases in original)). The undersigned also ordered Crawford to comply with certain filing and formatting rules:

> Until further order of the Court, the caption of this habeas corpus case shall be as it appears on the first page of this Order. Filings in this case shall use the proper caption and include the appropriate case number. Submitted filings that do not contain the proper caption and case number may be returned unfiled to Crawford, stricken from the docket, or disregarded.

3

(*Id.* at PageID 516).

Crawford did not timely respond to this Court's Order. In an abundance of caution, the undersigned issued a second Order on November 1, 2024 (ECF No. 8) that *sua sponte* extended the deadline for Crawford to submit an Amended Petition and reminded him of his obligations to comply with the Court's prior Order (ECF No. 6). The November 1, 2024 Order stated, in relevant part:

> This habeas corpus case is before the Court upon the Clerk of Court's notice that Petitioner Lawrence Crawford and non-party Jeremiah Mackey have submitted a number of documents to the Court. Because the documents do not comply with the Court's previous Order in this case, they were not filed in this case. . . . The submitted documents were not captioned as set forth above. Some of them have been filed in the related but separate civil case of *Jeremiah Mackey v. The Multi-District Litigation Panel of Ohio, et al.,* Case No. 2:23-cv-2962 (*see* ECF No. 33).
>
> The Court emphasizes again that <u>these two cases are separate and are proceeding separately</u>. The parties to each case are different, as are the rules and standards that apply. If Petitioner wants to a file a document in this habeas corpus case, he must caption the document as set forth above. He may not combine filings for this case with filings from Case No. 2:23-cv-2962 because the two cases are not consolidated. Similarly, he may not combine filings intended for this habeas corpus case with filings intended for any other case or appeal he has filed in state or federal court. <u>Filings intended for this habeas corpus case must bear only the caption above (until further order of Court) and must pertain only to this habeas corpus case</u>. The Court also notes again that Jeremiah Mackey is not a party to this case and does not have the Court's permission to file any documents in it except a motion to intervene. (*See* ECF No. 6 at PageID 515-516). **Submissions that do not comply will be stricken, disregarded, or returned without further explanation.**
>
> Despite the problems with his previous submissions, it appears that Petitioner Crawford may want to file objections to the undersigned Magistrate Judge's previous Order in this case. (ECF No. 6). In order to give Petitioner an opportunity to do so in the proper manner, the undersigned *sua sponte* extends Petitioner's deadline to comply with the previous Order (ECF No. 6) to **December 2, 2024**. The undersigned will

4

> wait to resolve the issues addressed in the Order if Petitioner Crawford files proper Objections to the Order by that date. If Petitioner does not file proper objections by December 2, the undersigned will proceed forward in the case.

(Order, ECF No. 8 at PageID 530-531 (emphases in original)).

On December 16, 2024, the Clerk's office received and filed two documents that were submitted by Crawford. (ECF Nos. 9, 10). The first document was a motion to expand the scope of this action and for miscellaneous relief (ECF No. 9), which the undersigned denied on February 6, 2025 (ECF No. 11). The Clerk construed the second document as an Amended Petition. (ECF 10).

The Amended Petition is 75 pages long. (*See* ECF No. 10, 10-1, and 10-2). The first page is taken from the first page of the standard form petition for habeas corpus relief under 28 U.S.C. § 2254, although the numbers "2254" are crossed out and the numbers "2241" are typed above them. (ECF No. 10 at PageID 538). The second and third pages are not from a standard form petition. (ECF No. 10 at PageID 539-540). Instead, rather than provide the information requested in a 2241 Petition, these pages contain arguments that were set forth in Crawford's simultaneously filed motion (ECF No. 9), which this Court later denied (ECF No. 11).

The remainder of the Amended Petition consists of a 72-page document titled "Exhibit, 'Vacate'" that appears to be directed to the *Mackey* case, Case No. 2:23-cv-2962. (*See* ECF No. 10-1 at PageID 541-612). In the Exhibit, Crawford refers to orders issued in the *Mackey* case, the appeal filed in that case, and certain documents and requests filed in the appeal. (*See, e.g.*, *id*. at PageID 543). For example, Crawford states:

5

> THE PLAINTIFF(S)/APPELLANTS GIVE THE OHIO DISTRICT COURT UNDER CASE 2:23-cv-3017, 2:23-cv-2962 AND THE 6TH. CIRCUIT COURT OF APPEALS UNDER CASE 24-3785(MP) JUDICIAL NOTICE AND MOTION TO FILE OBJECTIONS TO THE OHIO DISTRICT COURT'S ORDER, DOCUMENT NO. 27 SEPARATING THE HABEAS CORPUS PETITION ESTABLISHING CASE 2:23-cv-3017, CHALLENGING THE OHIO DISTRICT COURT'S JURISDICTION TO ISSUE IT DUE TO FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION; RENEWING THE MOTION TO EXCEED THE PAGE LIMIT AND FOR ACCEPTANCE; MOTION FOR EXTENSION OF TIME TO RESET UPON CONCLUSION OF APPEAL TO POTENTIALLY BE IN COMPLIANCE TO ANY SUPPOSED OHIO DISTRICT COURT ORDER(S); MOTION TO SUPPLEMENT THE APPEAL UNDER CASE 24-3785(MP), TO INCLUDE SEEKING LEAVE TO APPEAL THE SEPARATION ORDER DUE TO LATE NOTICE; RENEWING THE MOTION FOR PROTECTIVE ORDER AND OR INJUNCTION FROM THE 6TH. CIRCUIT COURT OF APPEALS PURSUANT TO FEDERAL RULE(S) 72.3[e] AND 72(b); MOTION FOR RECUSAL AND MOTION TO MOTION THEREFOR.

(ECF No. 10-1 at PageID 558 (as in original)). Although the substance of the Exhibit is not entirely clear, it appears that Crawford is reiterating his objections to Court orders filed in the *Mackey* case. What Crawford has not done—at least as far as the undersigned can tell—is object to orders issued in *this* habeas corpus case. Nor has Crawford addressed the matters that would be expected to be discussed in an Amended Petition.

## II.     ANALYSIS

The undersigned finds that Crawford has not complied with the Court's Orders (ECF Nos. 6, 8) regarding the filing of an Amended Petition. After reviewing the approximately 500 pages included in Crawford's initial Petition, the Court ordered Crawford to file an Amended Petition that complies with these requirements:

> To proceed any further in this habeas corpus case, Crawford is **<u>ORDERED</u>** to submit an Amended Petition **using the standard form for a § 2241 petition. He must submit the entire form and he must personally sign it**

6

> **under penalty of perjury.** *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules") (applicable to this § 2241 Petition under Rule 1(b)). **Crawford may attach to the Amended Petition up to ten additional pages of explanatory materials**, if he deems such materials necessary. The Court will strike or disregard any pages submitted beyond this ten-page limit. The Amended Petition will supersede (or replace) the original Petition.

(Order, ECF No. 6 at PageID 514-515 (first emphasis in original, remaining emphases added). The undersigned further warned Crawford that if he did not timely submit the Amended Petition, then this case may be dismissed for failure to prosecute. (*Id.*)

Crawford's Amended Petition plainly does not satisfy these requirements. First, Crawford did not complete and submit the standard form for a petition under Section 2241. Instead, he submitted part of a form petition under Section 2254, which asks for different information than a Section 2241 form petition. (ECF No. 10). Second, despite being ordered to "submit the entire form," he submitted only a single page (of the wrong form). (*Id.* at PageID 538). Third, Crawford did not sign the amended petition (indeed, he did not even include a signature page). (*See id.* at PageID 538-540). Fourth, he did not sign under penalty of perjury as required by the Habeas Rules. Fifth, Crawford did not comply with the ten-page limit for attachments—instead, he attached 70 pages that largely discuss a separate case or complain that there *is* a separate case. In short, Crawford has wholly failed to comply with the Court's Order. (*See* ECF No. 6).

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its

docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to comply with an order of the Court warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b). This is particularly true because a proper habeas petition is *required* for the Court to have the authority to proceed. *See* Rule 2 of the Habeas Rules; 28 U.S.C. § 2242.

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DISMISS** this habeas corpus case in its entirety for failure to prosecute and failure to comply with the orders of the Court. *See Foster v. Henderson*, No. 2:23-cv-947, 2023 WL 3764566, at *7 (S.D. Ohio June 1, 2023), *report and recommendation adopted,* 2023 WL 5443895, at *3 (S.D. Ohio Aug. 24, 2023) (collecting cases) ("District courts routinely enforce this standard-form [petition] requirement and dismiss habeas cases when a petitioner fails or refuses to comply with a court order to file a proper petition.").

The undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Crawford has failed to prosecute his case where he failed to comply with the Court's order. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Fitten v. Tennessee*, No. 1:15-cv-1157, 2016 WL 4705599, at *4 (W.D. Tenn. Sept. 8, 2016) (The law regarding dismissal for failure to prosecute is clear and reasonable jurists would not disagree on its application in this case.").

The undersigned also **RECOMMENDS** that the Court **CERTIFY** that an appeal of the dismissal would not be taken in good faith, and on that basis **DENY** Crawford leave to proceed *in forma pauperis* on appeal.

Finally, with respect to the four pending motions in this case, the undersigned **RECOMMENDS** that the Court **DENY** them as **MOOT**. (ECF Nos. 14, 21, 24, 26).

Crawford may file objections to these recommendations as described in the following Notice. He is reminded that he that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred. Mackey, who is not a party, does not have permission to file objections or any other documents in this case.

**IT IS SO RECOMMENDED.**

/s/ Caroline H. Gentry
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Habeas Rules. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied

by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).